IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

ISAIAH MCCOY,

        Petitioner,

    vs.

JUDGE TODD W. EDDINS, *et al.*,

        Respondents.

CV. NO. 20-00460 DKW-KJM

**ORDER (1) DENYING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS; AND (2) DENYING A CERTIFICATE OF APPEALABILITY[1]**

Pursuant to 28 U.S.C. Section 2241, Petitioner Isaiah McCoy asks this Court to overturn the State court's denial of bail because he claims that denying bail is unconstitutional.  That general assertion is incorrect as a matter of law.  Moreover, in two thorough orders, the State court details why McCoy's bail was revoked and denied.  Notably, McCoy does not dispute the State court's factual findings.  In light of those facts, this Court agrees that McCoy posed a serious risk of flight, a sufficiently compelling reason to deny bail.  Accordingly, the Section 2241 petition is denied, and the Court declines to issue a certificate of appealability.

---

[1]McCoy requests "oral arguments" on his Section 2241 petition  Dkt. No. 13.  Pursuant to Local Rule 7.1(c), however, the Court elects to decide the petition without a hearing.

# BACKGROUND

The Court assumes the parties' familiarity with the procedural and factual background set forth in the two State court orders relevant here−Judge Todd Eddins' October 16, 2019 Order (Dkt. No. 12-2) and March 13, 2020 Order (Dkt. No. 12-22).  Therefore, the Court will not repeat the same *in toto*.  Instead, the Court summarizes certain particularly relevant moments.

On September 5, 2019, McCoy, and a second individual, were charged in State court with robbery in the second degree−a class B felony.  Dkt. No. 12-2 at 1, 12.  On September 12, 2019, McCoy entered a not guilty plea and bail was set at $100,000.  *Id*. at 1.  On September 18, 2019, McCoy's bail was posted by Scott's Bail Bonds, resulting in his release from custody.  *Id*. at 2.

On October 7, 2019, McCoy was arrested at Daniel K. Inouye Airport in Honolulu, while attempting to board a United Airlines flight to Los Angeles.  *Id*. at 2-3.  McCoy's ticket was one-way, in his name, and, at the time of his arrest, he possessed $4,520 in cash.  *Id*. at 3.  The owner of Scott's Bail Bonds, Scott Northrup, had informed McCoy on more than one occasion that he was not authorized to leave Hawai'i.  *Id*. at 5.  McCoy had also reviewed and executed two documents in which he acknowledged that he would be violating bond if he left Hawai'i without court approval, something which he at no time obtained.  *Id*. at 5-7.

On October 10, 2019, the State court held a hearing on the State's motion to revoke and deny McCoy's bail. *Id*. at 2. At the hearing, the court did not find McCoy's testimony to be credible. *Id*. at 6. Representing himself, McCoy engaged in "contemptuous behavior[,]" yelling that the presiding judge was "a loser just like the rest of them." *Id*. at 2, 8. The State court granted the motion to revoke and deny bail, finding that McCoy intentionally violated "perhaps the most important term of his release[]"−that he remain in Hawai'i. *Id*. at 10-12. The court further found that no combination of conditions would reasonably assure McCoy's appearance in court. *Id*. at 12-14.

Nonetheless. on October 29, 2019, the State court reinstated McCoy's bail. The State court did so, subject to certain conditions, including, at McCoy's suggestion, electronic monitoring. Dkt. No. 12-22 at 2. The State provided an electronic monitoring device (EMD) to McCoy with a charger and instructed him to continuously charge the same for two hours every day. *Id*. at 3. In December 2019, the court amended McCoy's bail conditions, allowing him to consume alcoholic beverages, rescinding a curfew, and rescinding drug/alcohol testing. *Id*. at 2.

Between December 2019 and February 2020, McCoy violated numerous conditions of his bail. He failed to provide verification of multiple residences he claimed to be living in, he repeatedly failed to charge the EMD, resulting in the

State's inability to continuously monitor him, he visited the Daniel K. Inouye Airport, a prohibited location, given his October 2019 arrest there, he failed to attend meetings with his assigned pretrial officer, he violated curfew on January 28, 2020, and he was cited for driving with a suspended or revoked license and for not having motor vehicle insurance. *Id*. at 3-8.

On March 13, 2020, the State court again revoked McCoy's bail, finding that he "consistently intentionally thwarted" efforts to monitor him. *Id*. at 9. The court also denied McCoy bail, again finding that no combination of conditions would reasonably assure his appearance in court or assure the safety of the community. *Id*. at 9-10.

On September 11, 2020, McCoy filed an application for writ of habeas corpus with the Hawaiʻi Supreme Court, arguing that the revocation of his bail violated the U.S. and Hawaiʻi Constitutions. Dkt. No. 12-23. That application was denied, as were subsequent applications made by McCoy to the Hawaiʻi Supreme Court. *See* Dkt. Nos. 12-24, 12-26, 12-29, 12-31.

On October 28, 2020, McCoy filed the instant petition under Section 2241. Dkt. No. 1. On January 28, 2021, Respondent Scott Harrington, the Warden of McCoy's place of detention, filed an opposition to the Section 2241 petition, as well as relevant exhibits from proceedings before the State court. Dkt. No. 12. On

February 8, 2021, the Court received a letter from McCoy, stating that he did not wish to file a reply in support of the Section 2241 petition.  Dkt. No. 13.

## STANDARD OF REVIEW

Pursuant to Section 2241(c)(3), a writ of habeas corpus may not issue unless a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In reviewing a State court decision under Section 2241, a federal court reviews a State court's "factual findings with a presumption of correctness and conclusions of law *de novo*."  *Hoyle v. Ada Cty.*, 501 F.3d 1053, 1059 (9th Cir. 2007).[2]

## DISCUSSION

Liberally construing McCoy's 2241 petition, he appears to argue that the State court violated the U.S. Constitution in denying him bail under Hawaiʻi law. More specifically, McCoy argues that his liberty interests were violated when the State court denied him bail "without regard to the likelihood of future flight" and

---

[2]In its opposition to the Section 2241 petition, citing the Seventh Circuit Court of Appeals, the State argues that this Court should review the decisions of the State court for arbitrariness.  Dkt. No. 12-1 at 10-11.  The Court can find no basis in Ninth Circuit precedent, however, for such a standard of review.  Instead, although the Court has been unable to find a Ninth Circuit decision directly on point with the issue being reviewed here, the Court will apply the standard of review generally used by the Ninth Circuit when reviewing Section 2241 petitions.

with "no evidence that [he] presented a threat to the community...." Dkt. No. 1 at 11-12.[3]  For the reasons set forth below, the Court disagrees.

"Freedom from imprisonment−from government custody, detention, or other forms of physical restraint−lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  However, the U.S. Supreme Court has explained that the government may, consistent with due process, detain without bail an individual where the government's interests are "sufficiently weighty...." *United States v. Salerno*, 481 U.S. 739, 750 (1987).  One such "sufficiently weighty" interest is when an arrestee presents a risk of flight.  *Id*. at 749.

Here, there is an abundance of factual findings made by the State court, and which McCoy does not dispute, *see* Dkt. No. 1 at 10, showing that McCoy presents a serious and compelling risk of flight.  First, as Judge Eddins found in the October 16, 2019 Order, McCoy intentionally violated "perhaps the most important term of his release[]" by attempting to flee Hawai'i with a one-way ticket to Los Angeles.

---

[3]Although it is not clear upon which federal constitutional provision McCoy relies as having been violated by the State court's denial of bail, it appears to be the Due Process Clause.  *See* Dkt. No. 1 at 13; Dkt. No. 5-1 at 7.  To the extent McCoy relies on the Eighth Amendment's prohibition on "excessive" bail, *see* Dkt. No. 1 at 16, any such argument is meritless.  As Judge Eddins observed in the October 16, 2019 Order, the original $100,000 bail was insufficient to deter McCoy from attempting to flee.  Dkt. No. 12-2 at 13.  There was, thus, nothing "excessive" about imposing another $100,000 bail when McCoy's bail was reinstated.  *See United States v. Salerno*, 481 U.S. 739, 754 (1987) (explaining that bail is not constitutionally "excessive" when it is set "at a sum designed to ensure [the] goal" of preventing flight).

Second, in the same order, Judge Eddins found that no combination of conditions would reasonably assure McCoy's appearance in court in light of, *inter alia*, the large amount of money found in his possession at the airport and the failure of a high bail amount to deter his attempt to flee.  Third, after Judge Eddins reinstated McCoy's bail, imposing conditions that were designed to prevent McCoy from fleeing, McCoy then went on a roughly three-month spree of violating those same conditions.  Among his many violations, McCoy visited the airport without approval, repeatedly allowed the EMD's battery to die, and repeatedly failed to attend appointments with the assigned pretrial officer monitoring him.  In other words, McCoy went out of his way to violate the conditions that were designed to prevent him from fleeing Hawai'i, including conditions that he suggested.  It is, thus, far from surprising that, in the March 13, 2020 Order, Judge Eddins found that no combination of additional conditions would assure McCoy's appearance in court.  McCoy's assertion, in the Section 2241 petition, that the State court's decision was "without regard to the likelihood of future flight" is, thus, entirely misplaced, *see* Dkt. No. 1 at 11, as is McCoy's argument that "[t]here was clearly a reasonable assurance that [he] would appea[r] when requested for trial."  *Id*. at 19. The facts set forth above clearly show otherwise.  In fact, the record reflects that, absent the actions of state law enforcement, such as the officers who arrested McCoy at the airport just prior to boarding his Los Angeles flight, McCoy *would*

7

*have fled* Hawaiʻi.  McCoy is also incorrect in arguing that Judge Eddins applied a "guarantee[d]" appearance standard, rather than a "reasonable assur[ance]" standard.  *See id*. at 19-20.  No such standard was applied in Judge Eddins' orders.  *See* Dkt. No. 12-2 at 14; Dkt. No. 12-22 at 10.

Accordingly, this Court finds that McCoy's rights under the U.S. Constitution were not violated when he was denied bail and, thus, DENIES the Section 2241 petition.[4][5]  The Court also finds that McCoy has failed to make a "substantial showing of the denial of a constitutional right[,]" and, thus, DENIES a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (explaining that a "substantial showing" is made when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted).

---

[4]Because the record reflects that McCoy's risk of flight was a "sufficiently weighty" and/or compelling reason to justify the denial of bail, the Court need not address the other reason given in the March 13, 2020 Order for denying bail−the risk of danger to the community.

[5]Although the Section 2241 petition does not appear to raise a procedural due process claim with respect to McCoy's bail proceedings, to the extent such a claim is raised, it is not colorable in light of the more than adequate process McCoy received, including multiple evidentiary hearings and oral argument.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Court DENIES the Section 2241 petition and DENIES a certificate of appealability.  The Clerk is instructed to enter Judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:  March 12, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*McCoy v. Eddins, et al.*; CV. NO. 20-00460 DKW-KJM; **ORDER (1) DENYING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**